PONDER, Judge.
This is a mandamus action by plaintiff against the Teachers’ Retirement System of Louisiana and the Board of Supervisors of Louisiana State University. The trial judge ordered that plaintiff be allowed to repay to the Teachers’ Retirement System the funds he withdrew in 1964, plus five per cent interest; and that these funds plus employer contributions and five per cent interest thereon be transferred to the Louisiana State University Retirement System. The Teachers’ Retirement System has appealed.
The issue before this court is: Are the employee and employer contributions to be transferred by the Teachers’ Retirement System with or without five per cent interest compounded annually.
We affirm.
Plaintiff was a contributing member of the Teachers’ Retirement System of the State of Louisiana from 1947 to 1964. In 1962 plaintiff began work for Louisiana State University, but continued to make contributions to the Teachers’ Retirement System.
In 1964, after plaintiff joined the Louisiana State University Retirement System, he withdrew the funds he had contributed to the Teachers’ Retirement System. Plaintiff now wishes to repay the funds he withdrew plus appropriate interest, and then have these funds transferred to his present retirement system.
LSA-R.S. 42:697.2 provides:
“A member of any state, parochial or municipal retirement system having two years’ credit in said system shall have the right to repay a refund from any other state, parochial or municipal retirement system. Each board of trustees shall have the right to negotiate the manner in which repayment shall be made, the amount of interest, if any, to be paid, and the method by which the refunded service shall be reestablished and transferred.”
The provision for the transfer of funds is found in LSA-R.S. 42:697:
“The following provisions shall apply to transfers between state, municipal or parochial retirement systems:
* * * * * *
“C. The system from which the member transfers shall transfer to the system to which he transfers all employee contributions, employer contributions, or other funds, which the employee or employer has contributed or which actuarially figuring stands to or for the credit of the transferring member.”
The Teachers’ Retirement System is willing to transfer to the Louisiana State University Retirement System all employee and employer contributions, excluding, however, the five per cent compound interest. The Board of Supervisors of LSU passed a resolution authorizing the Louisiana State University Retirement System to accept transfers from the Teachers’ Retirement System provided all employer and employee contributions, together with five per cent compound interest, are paid tó the LSU Retirement System.
The plaintiff contends that it is the mandatory obligation of the Teachers’ Retirement System to transfer these contributions plus the appropriate interest to the LSU Retirement System. ■
The legislative intent behind this statute was to accomplish as full and complete a transfer from one retirement system to another as possible. The language “which actuarially figured stands to or for the credit of the transferring member” indicates to us that interest must also be transferred.
We believe it would be inequitable to require the transfer of employee and employer contributions without interest. LSA-R.S. 42:697(D) provides:
“D. After the date on which the transfer is completed the system from which *272 the member transfers shall have no liability whatsoever with respect to the transferring member, and the system to which he transfers shall assume all liability with respect to him.”
Since the LSU Retirement System will assume full responsibility for retirement benefits of the plaintiff, and the Teachers’ Retirement System will have no responsibility, it is only fair that all possible funds be transferred. There is no compelling reason why defendant should retain the interest on these contributions when they will have no responsibility for paying retirement benefits to plaintiff.
The judgment of the trial court is therefore ^ affirmed. Defendant, Teachers’ Retirement System of Louisiana, is cast with all costs.
AFFIRMED.